1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    GREGORY S.,                            Case No.  19-cv-07543-JSC

8                   Plaintiff,

9            v.                             **ORDER RE: PLAINTIFF'S MOTION
                                            FOR ATTORNEY'S FEES**
10   ANDREW SAUL,
                                            Re: Dkt. No. 24
11                  Defendant.

12

13          In this Social Security case, Plaintiff seeks attorney's fees under the Equal Access to

14   Justice Act ("EAJA") following this Court's remand of his disability insurance benefits case. (Dkt.

15   No. 24.)  Plaintiff requests the Court award his reasonable attorney's fees in the amount of

16   $12,037.42.[1]  The Commissioner opposes.  Having carefully considered the papers submitted and

17   the record in this case, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ.

18   L.R. 7-1(b), and  GRANTS Plaintiff's motion.

19                                      **BACKGROUND**

20          This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA")

21   denial of his application for disability benefits for a combination of physical and mental

22   impairments, including: cervical radiculopathy with chronic neck and shoulder pain, lumbar facet

23   arthropathy with chronic lumbar pain and radiculopathy, depression, anxiety, and complications

24   arising from an electrocution.  On January 29, 2021, the Court granted Plaintiff's motion for

25   summary judgment, denied Defendant's cross-motion for summary judgment, and remanded for

26   further administrative proceedings. (Dkt. No. 22.) Plaintiff then filed the underlying motion for

27   _____

28   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c). (Dkt. Nos. 3 & 8.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    EAJA fees in the amount of $11,102.41. (Dkt. No. 24-1.) Plaintiff requested an additional $935.01

2    for the time spent drafting the reply. (Dkt. No. 26 at 8.)

3                                          **DISCUSSION**

4           Under the EAJA, a court shall award a prevailing party its fees and expenses in an action

5    against the United States unless "the position of the United States was substantially justified or

6    special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  If the government's

7    position was not substantially justified, then the plaintiff may be eligible for an award of fees

8    under the EAJA; however, eligibility is not an automatic award. *Atkins v. Apfel*, 154 F.3d 986, 989

9    (9th Cir. 1998). Rather, the plaintiff must prove that the fees sought are reasonable. *Sorenson v.*

10   *Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on the plaintiff to produce evidence

11   that the requested rates are in line with those prevailing in the community for similar services by

12   lawyers of reasonably comparable skill, experience, and reputation.") (internal quotation marks

13   omitted).

14          The parties here do not dispute that Plaintiff was the prevailing party given the Court's

15   reversal and remand to the ALJ.   However, the Commissioner insists that the government's

16   position in this action was substantially justified and the amount of fees sought is unreasonable.

17   The Court disagrees on both accounts.

18          **A. Substantial Justification**

19          The Supreme Court has defined "substantially justified" as "justified in substance or in the

20   main–that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable

21   basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The language of the

22   EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of

23   establishing substantial justification is placed with the government." *Campos v. Colvin*, No. 13-

24   CV-03327, 2015 WL 2266692, at *1 (N.D. Cal. May 14, 2015); *Gutierrez v. Barnhart*, 274 F.3d

25   1255, 1258 (9th Cir. 2001) (the government bears the burden of showing that its position was

26   substantially justified under EAJA).

27          Here, the Court granted Plaintiff's motion for summary judgment because (1) the ALJ

28   failed to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective pain

1    testimony; (2) the ALJ failed to provide germane reasons for rejecting the third-party statements

2    from three individuals; and (3) the ALJ erred with respect to the weighing of the medical opinion

3    evidence from four physicians.  (Dkt. No. 22.)  The Court remanded the action to the ALJ so that

4    he could reevaluate the medical evidence including Dr. DuMouchel's chiropractic opinions, and

5    determine what possible reasons, if any, explain Plaintiff's absence of treatment during the

6    relevant adjudicatory period.  (*Id*. at 18.)

7            The Commissioner does not directly address the Court's findings and instead generally

8    argues that there was "some basis in the record" for its opinion and therefore its position was

9    substantially justified citing *Hardisty v. Astrue*, 592 F.3d 1072, 1075 (9th Cir. 2010).  (Dkt. No. 25

10   at 3-4.)  *Hardisty*, however, is inapposite.  The district court there found that the ALJ made

11   specific, fact-based findings, supported by the record, which were nonetheless insufficient such

12   that remand was warranted, but that the Commissioner was nevertheless justified in defending.

13   Here, in contrast, the Court found multiple errors with respect to the ALJ's consideration of the

14   medical evidence and Plaintiff's subjective pain testimony.  This case is more akin to *Meier v.*

15   *Colvin*, 727 F.3d 867 (9th Cir. 2013), where the Ninth Circuit held that the ALJ's failure to offer

16   specific and legitimate reasons, supported by substantial evidence for rejecting a physician's

17   opinion and failure to offer clear and convincing reasons, supported by substantial evidence, for

18   discounting the plaintiff's subjective pain testimony warranted a finding that the "government's

19   underlying action was not substantially justified." *Id*. at 872; *see also Sampson v. Chater*, 103 F.3d

20   918, 922 (9th Cir. 1996) ("It is difficult to imagine any circumstance in which the government's

21   decision to defend its actions in court would be substantially justified, but the underlying

22   administrative decision would not.").

23           Accordingly, the Court finds that the Commissioner has failed to meet his burden to show

24   that the government was substantially justified in defending the ALJ's determination here.

25           **B. Reasonableness of Fee Requested**

26           In establishing the reasonableness of fees and expenses under EAJA, it is Plaintiff's burden

27   to document "the appropriate hours expended in the litigation by submitting evidence in support of

28   those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The starting

United States District Court
Northern District of California

United States District Court
Northern District of California

1  point for determining whether a fee is reasonable is "the number of hours reasonably expended on

2  the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433

3  (1983). The applicant must exercise "billing judgment," i.e., the fees must be for services for

4  which a private client would pay. *Id*. at 434 ("Hours that are not properly billed to one's client also

5  are not properly billed to one's adversary pursuant to statutory authority."). Courts should

6  generally "defer to the winning lawyer's professional judgment as to how much time he was

7  required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir.

8  2008). An applicant may be awarded fees for hours spent litigating an EAJA fee award. *INS v.*

9  *Jean*, 496 U.S. 154, 162 (1990).

10       Here, Plaintiff submits a declaration from his attorney, Katherine Siegfried, attesting that

11  Ms. Siegfried spent 53.6 hours litigating this action and breaking down the time sought into

12  separate billing entries.  (Dkt. No. 24-2.)  Plaintiff seeks the statutory maximum hourly rate for

13  social security attorneys in the Ninth Circuit Court of Appeals: $205.25 for work done in 2019 and

14  $207.78 for work done in 2020 and 2021.  (Dkt. No. 24-1 at 5-6 (citing table set forth at:

15  http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last viewed on 4/06/2021); 28

16  U.S.C. § 2412(d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3D 870, 876-77 (9th Cir. 2005) and Ninth

17  Circuit Rule 39-1.6.).)  The Commissioner does not challenge counsel's hourly rate which the

18  Court finds reasonable.  Rather, the Commissioner maintains that because Ms. Siegfried is an

19  experienced attorney it was unreasonable for her to spend 20.2 hours on the opening brief and 12.1

20  hours on the reply.  The Commissioner cites numerous out-of-circuit cases that are 20-30 years old

21  finding that 20-30 hours is the reasonable amount of time to spend preparing a social security

22  appeal.  (Dkt. No. 25 at 5.)

23       The Ninth Circuit has held that it is "an abuse of discretion to apply a de facto policy

24  limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases."

25  *Costa v. Comm. of Soc. Sec. Admin*., 690 F.3d 1132, 1137 (9th Cir. 2012) (holding that courts

26  should consider factors such as the complexity of legal issues, the procedural history, the size of

27  the record, and when counsel was retained for each case).  Social security cases involve a myriad

28  of complex legal issues as well as oftentimes a voluminous administrative record.  This case was

no exception.  The administrative record totaled nearly 700 pages and Plaintiff's brief raised three substantive legal issues each of which had numerous subpoints—nearly all of which warranted reversal of the ALJ's decision.  Under these circumstances, the Court finds that the 50.4 hours spent by Plaintiff's counsel preparing the briefing which led to this reversal and the 7.7 hours spent preparing the motion for attorney's fees and reply brief are reasonable.  *See Jean*, 496 U.S. at 161 (holding that under the EAJA, a prevailing party is entitled to fees incurred in litigation with the government in moving for an EAJA fee award).

Accordingly, Plaintiff is entitled to $12,037.42 in attorney's fees.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for an award of attorney's fees pursuant to the EAJA is GRANTED.  Plaintiff is awarded $12,037.42 in attorney's fees.  The award should be paid directly to Plaintiff's counsel, The Law Offices of Katherine Siegfried.

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: April 28, 2021

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States Magistrate Judge